UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>DENNIS VARNEY,<br><br>　　　Defendant. | No. 7:12-CR-9-ART-HAI-1<br><br>REPORT AND RECOMMENDATION OF DENIAL OF MOTION TO RELEASE DEFENDANT |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

The Court considers a post-plea motion to release Defendant. *See* D.E. 265. The Motion was originally made prior to Defendant's rearraignment on May 16, 2013 (D.E. 237), but was denied without prejudice as untimely. D.E. 242. The Motion was then renewed orally after the Court accepted Defendant's guilty plea. D.E. 265. The United States opposes release. As described during Defendant's rearraignment, having fully considered the Motion, the undersigned recommends that it be **DENIED** by Judge Thapar.

I.　　BACKGROUND

On May 16, 2013, per a referral from the presiding District Judge and after obtaining Defendant's consent to rearraignment before the undersigned, Defendant knowingly, voluntarily, and intelligently pled guilty to conspiracy to distribute oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. D.E. 265. The undersigned accepted that guilty plea and adjudged Defendant guilty by way of a written Order Accepting Guilty Plea. D.E. 266. Defendant was fully informed of his right to seek de novo review within fourteen days both during his rearraignment proceeding and in the Order Accepting Guilty Plea. Notably,

Defendant entered into a binding plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure contemplating a sentence of 65 months of imprisonment to be followed by 6 years of supervised release. D.E. 254.

Thus, because the offense of conviction carries a maximum term of imprisonment of twenty years pursuant to 21 U.S.C. § 841(b)(1)(C), Defendant was found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(C). In turn, following his guilty plea, the parties agreed that 18 U.S.C. § 3143(a)(2) requires detention pending sentencing. This was required by the absence of two alternative prerequisites to possible release. First, having pled guilty, there was no likelihood (much less a substantial one) that a motion for acquittal or new trial would be granted pursuant to § 3143(a)(2)(A)(i). Second, the stipulated sentence contemplating 65 months of imprisonment obviously meant the Government was not able to indicate a recommendation that no sentence of imprisonment be imposed pursuant to § 3143(a)(2)(A)(ii). Because neither of those circumstances existed, the Court was precluded from engaging in an analysis of the evidence as to likelihood of flight or whether Defendant poses a danger under § 3143(a)(2)(B). Post-plea detention was therefore mandatory by the plain language of the statute. Immediately following that determination, the motion for release pursuant to 18 U.S.C. § 3145(c) was renewed.

## II. ANALYSIS

As an alternative to mandatory detention under 18 U.S.C. § 3143(a)(2), Defendant seeks release pursuant to 18 U.S.C. § 3145(c), which provides:

> (c) Appeal from a release or detention order.--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention

> pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer,[1] if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). The Sixth Circuit has held that district courts have the authority pursuant to this provision to consider and determine whether "exceptional reasons" exist to support release pending sentencing. *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010). In turn, given that this subsection governs "appeals" from a detention order, *Christman* has been interpreted as creating "a somewhat unusual three-step process." *United States v. Christman*, 712 F. Supp. 2d 651, 653 n.2 (E.D. Ky. 2010).

> First, the district court will determine whether an exception to mandatory detention under § 3143(a)(2) applies in the defendant's case. If not, then the defendant will "appeal" that decision to the district judge who just denied his release. *See* 18 U.S.C. § 3145(c) ("Appeal from a release or detention order.") The district judge will then evaluate whether the conditions under § 3145(c) are satisfied to justify release.

*Id*. The first step was undertaken by the undersigned at the conclusion of Defendant's rearraignment. The pending Motion is Defendant's appeal from that first step.[2]

Following his arraignment on August 17, 2012, Defendant was released on conditions. D.E. 44. No violation of those conditions has ever been alleged or reported. Thus, the record reflects a lengthy period of compliance with conditions, and no evidence whatsoever to the

---

[1] In an unpublished decision, the Sixth Circuit has reasoned that the term "'judicial officer' . . . is used throughout the bail statutes to refer to magistrate judges, district court judges, and judges of the courts of appeals." *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).

[2] Given that review of a detention order of a magistrate judge pursuant to 18 U.S.C. § 3145(b) is made by "the court having original jurisdiction over the offense" and that *Christman* and § 3145(c) combine to allow for an appeal to the Court of Appeals after district court review, the undersigned has elected to issue a report and recommendation (instead of an order) concerning Defendant's motion to ensure an avenue for prompt review by the presiding District Judge.

contrary. The record therefore supports a finding that clear and convincing evidence exists that Defendant is not likely to flee or pose a danger to the safety of any other person or the community, which is the standard of 18 U.S.C. § 3143(a)(1) that is incorporated into the § 3145(c) analysis.

Thus, Defendant may be released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Motion seeks release due to Defendant's chronic medical conditions, including COPD, and his status as his wife's sole caretaker. Notably, Defendant's wife, who is a co-defendant that also pled guilty on May 16, 2013, was released on conditions following her plea. Defendant's wife requires oxygen 24 hours a day. Medical records supporting the serious nature of both Defendant's and his wife's medical conditions were filed under seal. D.E. 229, 240. The United States does not contest the factual basis of the request for release, and both parties waived the introduction of additional evidence.

While § 3145(c) can fairly be criticized as being unclear in various ways, it plainly states that "exceptional reasons" must be "clearly shown." The exceptional reasons analysis "requires a fact-intensive, case-by-case evaluation [and] the ordinary meaning of 'exceptional' suggests that only reasons that are 'out of the ordinary,' 'uncommon,' or 'rare' would qualify." *Christman*, 712 F. Supp. 2d at 654 (internal citation omitted) (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky 2008)). That fact-intensive, case-by-case analysis necessarily has resulted in differing interpretations of what constitutes "exceptional reasons."

On remand in *Christman*, the Court indicated that "exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be

tantamount to subjecting the individual to unjust detention." *Id*. at 655. "Unjust detention" was employed in connection with the Court's discussion of the risk of a defendant over-serving given Congressional recognition that "taking the liberty of an individual is a grave consequence of state power and that judges must be careful to ensure that a defendant does not spend one day in prison more than justice requires under the law." *Id*. The Motion presents no such risk of over-serving because Defendant has agreed to an imprisonment term of 65 months and his sentencing is scheduled for a mere 4 months away.

Personal reasons, such as family hardship, have been held not to be exceptional. *See Miller*, 568 F. Supp. 2d at 777 (citing *Cook*, 42 F. App'x at 804). Indeed, such hardship is a common consequence of detention because being in custody necessarily means separation from family. Few cases present defendants with no such family ties or obligations, meaning they are not consequences that are so rare, uncommon, or out of the ordinary so as to constitute exceptional reasons justifying release pursuant to § 3145(c). Additionally, given the stipulated sentence of 65 months imprisonment, family separation is inevitable. The Court is sympathetic to these consequences, especially the separation of Defendant and his wife given her medical condition. However, her bond report shows she has two siblings and two children (one of whom is a co-defendant) residing near her in the small community of Phyllis, Kentucky.

"Courts have found that chronic medical conditions are not exceptional reasons justifying release." *United States v. Parker*, NO. 1:10-CR-28, 2011 WL 672309, *2 (E.D. Tenn. Feb 18, 2011). Although Defendant's medical conditions are serious, they are not beyond the ability of the United States Marshals Service ("USMS") to manage. During the hearing, the USMS confirmed that, although placement in a local detention facility would probably not adequately

5

allow for the proper care of Defendant, other facilities are available that would allow for such care.

Finally, the Court considered the additional basis for release presented by defense counsel under seal during the hearing. That basis is not exceptional, but is instead a routine aspect of the administration of justice.

### III.   CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS** that the motion to release Defendant be **DENIED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of that statute. As defined by § 636(b)(1) and Federal Rule of Criminal Procedure 59(b), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics. Failure to object in accordance with Rule 59(b) waives a party's right to review.

This the 20th day of May, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge