UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) Criminal No. 12-09-ART-HAI-(1) |
| v. | ) **ORDER** |
| DENNIS VARNEY, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

After the defendant, Dennis Varney, pled guilty to the charges against him in this case, he moved for release pending sentencing. R. 274. Magistrate Judge Hanly A. Ingram recommended that this Court deny the motion. R. 275. Varney filed an objection to the Magistrate Judge's report and recommendation. R. 276. This Court reviews that objection de novo. 28 U.S.C. § 636(b)(1). Because Varney has not provided exceptional reasons that justify his release, this Court will adopt the Magistrate Judge's report and recommendation and deny Varney's motion.

Varney's offense triggers a presumption of detention pending sentencing. Varney pled guilty to conspiring to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846. R. 266. That offense carries a maximum term of imprisonment of ten years or more and triggers a presumption of detention pending sentencing. *See* 18 U.S.C. § 3143(a)(2); 18 U.S.C. § 3142(f)(1)(C). Because Varney pled guilty and the plea agreement specifies a sixty-five month term of imprisonment, the two exceptions to that presumption of detention do not apply. *See* 18 U.S.C. § 3143(a)(2)(A) (requiring the Court to find that a

motion for acquittal or new trial is likely to succeed or that the government has agreed not to recommend imprisonment before releasing a defendant pending sentencing when the presumption applies).

Varney can avoid detention only if he "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010) ("[W]e hold that the district court erred in not considering whether [the defendant] established exceptional reasons to support his release pending sentencing."). An exceptional reason is one that is "rare" or "out of the ordinary." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (quotation omitted). In cases where the presumption of detention applies, the defendant will almost certainly serve at least some term of incarceration. Because incarceration is inevitable, the defendant must provide an exceptional reason to begin that term of incarceration later, rather than sooner. Put that way, the issue is not whether Varney can identify some reason why incarceration in general would be hard on him. Instead, the issue is whether Varney can identify a reason why detention at this particular time—between his plea hearing and his sentencing hearing—would be inappropriate.

Varney argues this Court should release him because he has several serious medical conditions and because his wife, co-defendant Helen Varney, requires constant care. Neither reason is an "exceptional" one, so neither justifies his release pending sentencing.

<u>Dennis Varney's Medical Needs</u>: Varney has chronic obstructive pulmonary disease and coal workers' pneumoconiosis (known as black lung disease). To deal with those illnesses, he "requires oxygen and inhalers 24 hours a day," and he also takes other medications that "must be administered at specific times." R. 274 at 2. An immediate

medical need—such as impending, required surgery—may be an exceptional reason justifying release. *See United States v. Koon*, 6 F.3d 561, 567 (9th Cir. 1993) (providing examples of exceptional reasons that may justify release). A chronic medical condition controlled by medication is generally not an exceptional reason justifying release. A chronic condition will be present whenever the defendant is incarcerated, so it does not provide a unique reason why pre-sentencing detention would be inappropriate. *See United States v. Parker*, No. 1:10-CR-28, 2011 WL 672309, at *2 (E.D. Tenn. Feb. 18, 2011) (collecting cases). Moreover, Varney's motion does not show (or even argue) that he would receive inadequate medical care while in custody. As the Magistrate Judge noted, there is no reason to believe that is the case. R. 275 at 5. Varney's objection does not challenge the Magistrate Judge's reasoning because it simply restates the arguments from his original motion. R. 276 at 3. While Varney's medical conditions appear to be serious, they are not exceptional reasons justifying release pending sentencing.

<u>Helen Varney's Medical Needs</u>: Varney's wife, Helen Varney, "needs 24-hour care and assistance [and] . . . oxygen 24 hours a day." R. 274 at 2. Helen Varney's daughter, co-defendant Sheila Barton, helps Varney care for his wife. *Id.* at 3. Varney argues that if both he and Barton are detained, there will be no one to care for Helen Varney. *Id.* The Magistrate Judge explained that a defendant's detention almost always results in hardship to the defendant's family, regardless of whether the detention begins pre- or post-sentencing. So, familial hardship is not an exceptional reason that justifies release. R. 275 at 5 (citing *Miller*, 568 F. Supp. 2d at 774 (collecting cases)). Varney's objection faults the Magistrate Judge for not proving that Varney's other family members can (and will) care for Helen Varney. R. 276 at 3. That argument misplaces the burden of proof. The Magistrate Judge is

not required to show that there are no exceptional reasons that justify Varney's release; instead, Varney must show that there are exceptional reasons that justify his release. *See Christman*, 596 F.3d at 871 (requiring the district court to consider whether the defendant established exceptional reasons). At best, Varney has shown that his detention will burden his other family members, who will have to take over his role as a caretaker to his wife. That is an unfortunate consequence of his detention, but it is not an exceptional reason that justifies his release pending sentencing. *See United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (affirming a district court's finding that "hardship to family" was not an exceptional reason that justified release).

Accordingly, and for the reasons stated on the record, it is **ORDERED** that the defendant's objections, R. 276, are **OVERRULED**, and this Court **ACCEPTS** and **ADOPTS** Magistrate Judge Hanly A. Ingram's Report and Recommendation, R. 275, and **DENIES** the defendant's motion for release pending sentencing, R. 274.

This the 31st day of May, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge

4